UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE HOUSTON,

        Plaintiff,

v.                             CASE NO.  8:13-CV-1845-T-17AEP

7-ELEVEN, INC.,

        Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt.  6    Motion to Dismiss Amended Complaint
Dkt.  7    Notice of Filing Transcript
Dkt.  8    Request for Judicial Notice
Dkt. 15    Response, with attached Affidavit
Dkt. 23    Reply
Dkt. 24    Notice of Filing Transcript

Plaintiff Joe Houston filed an Amended Complaint against Defendant 7-Eleven, Inc. for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. Secs. 12181, et seq. Plaintiff seeks a declaratory judgment determining that Defendant was in violation of Title III at the commencement of this lawsuit, and injunctive relief against Defendant requiring Defendant; 1) to make all readily achievable alterations to the facility, or to make the facility readily accessible and usable by individuals with disabilities to the extent required by the ADA; 2) to make reasonable modifications to policies, practices or procedures where necessary to ensure individuals with disabilities have access to all goods, services, facilities, privileges, advantages or accommodations; 3) to prohibit Defendant from failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services,

Case No. 8:13-CV-1845-T-17AEP

segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.  Plaintiff further seeks the award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. Sec. 12205, and other appropriate relief.

Plaintiff's Amended Complaint is directed to five 7-Eleven stores located in Madeira Beach, Treasure Island, Port Richey, Hudson and Nokomis, Florida.

Defendant 7-Eleven, Inc. moves to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(1), and in the alternative under Fed. R.  Civ. P. 12(b)(6).

I.  Standard of Review

A.  Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, can be a facial attack or a factual attack.  In a facial attack, the factual allegations of the Complaint are taken as true.  In a factual attack, the Court may consider matters outside the Complaint, and is free to weigh evidence and satisfy itself as to the existence of its power to hear the case.  In a factual attack, the allegations of the Complaint are not presumptively true.  Where the attack on jurisdiction implicates the merits of the plaintiff's federal cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56.  The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.  See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 454 U.S. 897 (1981).

Case No. 8:13-CV-1845-T-17AEP

B. Fed. R. Civ. P. 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

II. Discussion

Title III provides that "[n]o individual shall be discriminated against on the basis of disability" in "any place of public accommodation," 42 U.S.C. Sec. 12182(a). As to public facilities, Title III defines "discrimination" as, inter alia, "a failure to remove architectural barriers...in existing facilities...where such removal is readily achievable."

Case No. 8:13-CV-1845-T-17AEP

Id. Sec. 12182(b)(2)(A)(iv). "[A]ny person who is being subjected to discrimination on the basis of disability in violation of this subchapter [Title III] may bring a private action. Sec. 12188(a). To prevail under Title III of the ADA, a plaintiff "generally has the burden of proving: 1) that [he] is an individual with a disability; 2) that defendant is a place of public accommodation; 3) that defendant denied [him] full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of his disability. See Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir. 2001).

In the Amended Complaint, Plaintiff Houston alleged that Plaintiff encountered barriers at the subject properties which discriminate against him on the basis of his disability. (Dkt. 4, p. 11). Plaintiff alleges that Defendant has discriminated against Plaintiff by denying him access to and full enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject properties, as prohibited by 42 U.S.C. Sec. 12182, et seq. The barriers specifically alleged in the Amended Complaint include failure to provide accessible routes, failure to meet required standards as to restrooms (absence of grab bars, failure to provide proper clearance for lavatories, failure to observe reach limitations, improper arrangement of toilet stall, insufficient floor space, mirrors do not meet requirements of the law), failure to provide accessible parking spaces, and failure to adhere to policy to afford goods, services, etc. to individuals with disabilities (Dkt. 4, pp. 3-10). Plaintiff Houston alleges that the violations present a hazard to Plaintiff's safety. Plaintiff Houston alleges that he has visited the properties which form the basis for this lawsuit, and plans to return to the properties in the near future to avail himself of the goods and services offered to the public, and to determine whether the properties have been made ADA compliant. Plaintiff further alleges that Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred from additional travel, and Defendant has deprived Plaintiff of the equality of opportunity offered to the general public.

Case No. 8:13-CV-1845-T-17AEP

A. Motion to Dismiss under Rule 12(b)(1)

Defendant 7-Eleven, Inc. has moved to dismiss this case for lack of subject matter jurisdiction. Defendant's Motion and Reply, and Plaintiff's Response involve matters beyond the Amended Complaint, including deposition testimony of Plaintiff, and Plaintiff's declaration. Defendant's Motion to Dismiss is a factual attack on subject matter jurisdiction, wherein the factual allegations of the Amended Complaint are not considered to be presumptively true.

Defendant argues that Plaintiff lacks standing to pursue the claims because Plaintiff cannot prove he faces a real and immediate threat of future injury, nor has Plaintiff demonstrated that Plaintiff suffered an injury-in-fact.

To establish standing in the context of a Title III ADA claim, a plaintiff must prove sufficient facts demonstrating: 1) that he or she has suffered an injury-in-fact; 2) the existence of a causal connection between the asserted injury-in-fact and the challenged action of the defendant; 3) that the injury will be redressed by a favorable decision; and 4) a real and immediate–as opposed to merely conjectural or hypothetical–threat of future injury. Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001). When injunctive relief is sought, a plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001). A party has standing to seek injunctive relief only if the party shows "a real and immediate–as opposed to a merely conjectural or hypothetical–threat of future injury." Id. The elements of standing "are not mere pleading requirements[,] but rather an indispensable part of the plaintiff's case." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Therefore, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e. with the manner and degree of evidence required at the successive stages

Case No. 8:13-CV-1845-T-17AEP

of the litigation." Id.

In this case, Plaintiff Houston seeks declaratory and injunctive relief. See 42 U.S.C. Sec. 12188(a). To have standing, Plaintiff Houston must show past injury and a real and immediate threat of future injury. In the Amended Complaint, Plaintiff alleges that Plaintiff encountered barriers at the subject properties which discriminate against Plaintiff on the basis of his disability. The Amended Complaint lists barriers present at each separate facility.

The Court notes that in other cases it has been possible for the Court to resolve the factual challenge to standing after an evidentiary hearing at the pleading stage. See Norkunas v. Seahorse NB, LLC, 720 F.Supp.2d 1313 (M.D. Fla. 2010)(challenging standing as "tester", and challenging standing as to barriers plaintiff was unaware at the time of filing of the complaint, and, as to barriers actually encountered, standing to challenge barriers with regard to plaintiff's own disability). The Court also notes the opinion of the Eleventh Circuit Court of Appeals in Houston v. Marod Supermarkets, Inc., 2013 WL 5859575 (11th Cir. 11/1/2013)(plaintiff's status as "tester" did not deprive him of standing to sue for violations of Title III of ADA, and plaintiff had standing to seek injunctive relief as he showed real and immediate threat of future injury)(reversing and remanding dismissal for lack of subject matter jurisdiction). The deposition testimony of Plaintiff Houston in other cases does not explain the how, what, where and why of the factual scenario in this case.

When an attack on jurisdiction implicates the merits of Plaintiff's cause of action, the Court should find that jurisdiction exists, and deal with the objection as a direct attack on the merits of the case under Rule 12(b)(6) and Rule 56. Lawrence v. Dunbar, 919 F.2d 1525, 1529-30 (11th Cir. 1990); Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003). Given the scope of this case (five facilities) and the fact-intensive

Case No. 8:13-CV-1845-T-17AEP

nature of the totality of the circumstances, it is more appropriate to resolve the standing issue on a full record.

After consideration, the Court denies the Motion to Dismiss under Rule 12(b)(1), without prejudice to asserting a challenge to Plaintiff's standing at the summary judgment stage.

B.  Motion to Dismiss under Rule 12(b)(6)

Under Rule 12(b)(6), the Court assumes the truth of well-pleaded factual allegations, and then determines whether the facts plausibly give rise to an entitlement to relief.

Defendant argues that Plaintiff does not allege sufficient facts to show that Plaintiff encountered barriers at the alleged properties, and how they impacted Plaintiff due to his disability.  Defendant further argues that because Plaintiff has no recollection of his experiences at the properties, Plaintiff cannot in good faith fix the Amended Complaint.

At this stage, the Court does not consider deposition testimony, but assumes the truth of the factual allegations in the Amended Complaint.  Plaintiff alleges generally that he personally visited the subject properties and encountered barriers at the subject properties.  Plaintiff further alleges that violations present at Defendant's facilities are a hazard to Plaintiff's safety, infringe Plaintiff's right to travel free of discrimination, and that Plaintiff has suffered and will suffer frustration and humiliation as the result of the discriminatory conditions at Defendants' facilities.  Plaintiff also alleges that the presence of barriers deprives Plaintiff of equal opportunity offered to the general public, as to the goods, services, facilities, privileges and/or accommodations available tithe general public.

Case No. 8:13-CV-1845-T-17AEP

A plaintiff need only provide general rather than specific factual allegations of injury resulting from a defendant's conduct in order to satisfy standing for the purpose of a motion to dismiss. Fla. Pub. Interest Research Group Citizen Lobby, Inc. v. EPA, 386 F.3d 1070, 1083 (11th Cir. 2004). The Court presumes that general allegations embrace the specific facts that are necessary to support the claim. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The presence of barriers and which barriers Plaintiff encountered at each facility can be explored in discovery, and addressed at the summary judgment stage.

After consideration, the Court denies Defendant's Motion to Dismiss for failure to state a claim under Rule 12(b)(6). Accordingly, it is

ORDERED that Defendant's Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6) is denied.

DONE and ORDERED in Chambers, in Tampa, Florida on this 2/5 day of November, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record