UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOE HOUSTON,

        Plaintiff,

vs.

                                                  Case No.: 13-cv-01845-EAK-AEP

7-ELEVEN, INC.,

        Defendant.
_____/

**DEFENDANT 7-ELEVEN, INC.'S MOTION FOR PROTECTIVE ORDER QUASHING THIRD PARTY SUBPOENA TO DAVID GOLDFARB AND <u>REQUEST FOR SANCTIONS</u>**

**I.    INTRODUCTION**

This case is one of three pending lawsuits Plaintiff Joe Houston ("Plaintiff") has filed against twenty-nine 7-Eleven convenience stores in the last few months. For the fourth time, the first time in this case, Plaintiff's counsel has issued the exact same subpoena for documents on third-party, and known ADA consultant for 7-Eleven, David Goldfarb. On January 4, 2014, Mr. Goldfarb was served by Plaintiff with a subpoena *duces tecum* seeking "all documents provided to Mr. Goldfarb from 7-Eleven," "all documents provided by Mr. Goldfarb to 7-Eleven," and all documents related to 7-Eleven. Attached hereto as Exhibit A is a true and correct copy of the subpoena *duces tecum*.

Plaintiff's repeated attempts to seek documents from Mr. Goldfarb related to his consulting work for 7-Eleven, rather than getting documents from 7-Eleven directly, is abusive and harassing, and merits the issuance of a protective order for multiple reasons.

1

First, as Plaintiff has done numerous times in the past (and was raised in Defendant's pending Motion for Sanctions pursuant to Rule 11), Plaintiff did not provide Defendant with notice of the subpoena prior to or contemporaneously upon serving Mr. Goldfarb.[1]  Plaintiff has still never served Defendant with the subpoena.  Defendant only became aware of the subpoena through Mr. Goldfarb directly.  This violates Rule 45 of the Federal Rules of Civil Procedure.

Second, Mr. Goldfarb is an expert-consultant whose documents are protected by the attorney work-product doctrine and expert-consultant privilege. The parties have addressed this exact issue in other litigation (which has also resulted in a motion for protective order), and Plaintiff clearly knows about Mr. Goldfarb's limited role for Defendant.  Indeed, Plaintiff's requests for production served on Defendant called for "documents sent to, or received from, ADA consultants concerning any of the locations identified in the Amended Complaint."  Defendant objected that the request sought documents protected by the expert-consultant privilege and provided a privilege log identifying Mr. Goldfarb as having provided consultant services and reports as part of the litigation.  Plaintiff's recently filed motion to compel (which is also deficient and will be addressed by separate motion)(Dkt. 50), does not pursue these documents from Defendant.  Instead, Plaintiff has chosen to seek them from Mr. Goldfarb.  This tactic, combined with Plaintiff's refusal to provide proper notice to Defendant, appears calculated to make an end-run to avoid Defendant's claim of privilege.  It should not work.

---

[1] Plaintiff also served well-known ADA expert Larry Schneider with a subpoena without providing notice to Defendant.  Plaintiff has finally agreed to withdraw that subpoena, but not without first harassing Mr. Schneider, implying that he is a liar, and then threatening to take his deposition in another matter.  Attached as Exhibit D is correspondence provided to Defendant from Mr. Schneider between Mr. Schneider and Plaintiff's counsel, Philip Cullen.

Third, the request is overbroad and seeks irrelevant information unrelated to this case or the properties at issue. Defendant has standing to protect irrelevant information from discovery to third-parties.

Lastly, this same subpoena seeking the exact same documents was issued in *Houston v. 7-Eleven, Inc.* Case No. 13cv-60004 pending in the Southern District *three* times while that suit has been stayed, and is now part of a pending motion to compel and motion for protective order. Plaintiff is simply forum shopping by serving the same subpoena in separate litigations now.

Pursuant to Local Rule 3.01(g), Defendant has attempted to meet and confer with Thomas Bacon, but Mr. Bacon will not agree to withdraw the improper subpoenas. True and correct copies of Defendant's counsel's relevant correspondence with Mr. Bacon are attached hereto as Exhibit B.

## II.  THERE IS GOOD CAUSE TO ENTER A PROTECTIVE ORDER QUASHING PLAINTIFF'S SUBPOENA

The decision to enter a protective order is within the court's discretion. *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1548 (11th Cir.1985). Federal Rule of Civil Procedure 26(c) allows courts to issue protective orders from discovery for "good cause" to protect a party from "annoyance. . . oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c)(allowing protective order for good cause); *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008)(granting protective order and where third party subpoena was served after discovery cut-off). It is also done where a party is attempting to protect a privilege. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). There is good cause here.

### A. Plaintiff Failed to Provide Notice of The Third-Party Subpoena To Defendant

Plaintiff failed to provide Defendant with proper notice of the third-party subpoena. Rule 45(a)(4) of the Federal Rules of Civil Procedure requires "a notice and a

copy of the subpoena must be served on each party" "*before it is served on the person to whom it is directed*." (emphasis added). A party has "standing to move to quash or modify [a] subpoena based on inadequate notice." *See Auto-Owners*, 231 F.R.D. at 428.

To this day Plaintiff has not served Defendant with notice of the subpoena it issued to Mr. Goldfarb, and certainly did not do so *before* serving Mr. Goldfarb. Defendant only learned of the issuance of the subpoena when contacted by Mr. Goldfarb directly. Defendant has requested Plaintiff withdraw the subpoena due to the improper service, but Plaintiff has refused. (*See* Ex. B). Plaintiff's improper service alone merits issuance of a protective order quashing the subpoena.

Worse, Plaintiff's failure to give notice is intentional and a repeated pattern. As explained in Defendant's pending Motion for Sanctions pursuant to Rule 11 (*See* Dkt. 28), Plaintiff has repeatedly served third-party subpoenas to Defendant's contacts without notifying Defendant at all. Defendant has requested and informed Plaintiff's counsel of this violation multiple times, but Plaintiff's counsel refuses to follow the rules and continues to abuse the subpoena power. This will undoubtedly continue until stopped by this Court.

### B. The Documents Sought By Plaintiff Are Protected By the Expert-Consultant Privilege

Plaintiff's request also seeks documents protected by the expert-consultant privilege. A defendant has standing to challenge a subpoena where there is a "personal right or privilege" with respect to the information sought by the subpoena. *See Auto-Owners*, 231 F.R.D. at 429; *see also Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979). Plaintiff's subpoena seeks confidential and privileged documents related to Mr. Goldfarb's role as a consulting-expert for Defendant in this and other litigation. These documents are privileged. The facts and opinions of non-testifying consultant experts are shielded from discovery by the expert-consultant privilege and attorney-work

product doctrine. *See* Fed. R. Civ. Proc. 26(b)(4)(d). The policies underlying this protection include:

> "(1) encouraging counsel to obtain necessary expert advice without fear that the adversary may obtain such information;
> (2) preventing unfairness that would result from allowing an opposing party to reap the benefits from another party's efforts and expense;
> (3) preventing a chilling effect on experts serving as consultants if their testimony could be compelled; and
> (4) preventing prejudice to the retaining party if the opposing party were allowed to call at trial an expert who provided an unfavorable opinion to the party who first retained them."

*Plymovent Corp. v. Air Tech. Solutions, Inc.*, 243 F.R.D. 139, 143 (D.N.J. 2007). Furthermore, "while discovery with respect to testifying experts is essential to allow opposing counsel to adequately prepare for cross-examination, and to eliminate surprise at trial, 'there is no need for a comparable exchange of information regarding non-witness experts who act as consultants and advisors to counsel regarding the course litigation should take.'" *Id.* (citing *Mantolete v. Bolger,* 96 F.R.D. 179, 181 (D.Ariz.1982)); *see also Muldrow v. State*, 787 So.2d 159 (Fla. Ct. App. 2001)(limiting the disclosure of who the defendant even consulted with as an expert).

In this case, and in others, Defendant has engaged Mr. Goldfarb, through its outside counsel, as a consulting expert to inspect the property(ies) at issue in the litigation and provide his opinions to Defendant – through outside counsel – as part of their litigation strategy. Mr. Goldfarb has not spoken to, received information from, or provided any information to anyone but Defendant's outside counsel, Kent Christensen. Any documents Mr. Goldfarb has in his possession related to Defendant and/or its properties that are responsive to the subpoena were created and/or maintained in his role as a consulting expert in anticipation of litigation in this and other litigations for Defendant. Mr. Goldfarb is purely a consulting expert and will not be called upon to

5

testify at trial. Indeed, Defendant has identified ADA expert, Jeffery Gross, in its expert disclosures. (*See* Dkt. 50-3).

Furthermore, this has already been addressed between the parties. Plaintiff's requests for production served on Defendant in this litigation called for "documents sent to, or received from, ADA consultants concerning any of the locations identified in the Amended Complaint." (*See* Dkt. 50-1, at RFP No. 8). Defendant objected that the request sought documents protected by the expert-consultant privilege and provided a privilege log identifying Mr. Goldfarb as having provided consultant services and reports. (*See* Dkt. 50-2). Instead of pursuing these privileged documents from Defendant (accepting their privileged nature), Plaintiff served Mr. Goldfarb with a subpoena seeking the exact same privileged documents. Plaintiff's requests to Mr. Goldfarb directly as an end-run around Defendant's privilege should not be allowed. The subpoena should be quashed and a protective order entered to keep Plaintiff from trying again.

**C. Plaintiff's Subpoena Also Seeks Irrelevant Information That Should Not Be Produced**

As a party, Defendant has standing to move for a protective order because the subpoena seeks irrelevant information. *See Auto-Owners*, 231 F.R.D. at 429. Plaintiff seeks: (1) "all documents . . . provided to you from 7-Eleven . . . that pertain in any manner to any 7-Eleven located in the state of Florida;" (2) "all documents you provided to 7-Eleven . . . that pertain in any manner to any 7-Eleven located in the state of Florida;" and (3) "all documents . . . provided from or to any person . . . that pertain in any manner to any 7-Eleven located in the state of Florida."

Although this suit involves only five 7-Eleven properties located in the Middle District, Plaintiff's subpoena goes way beyond those five stores. Plaintiff seeks *all* documents related to *any* store no matter when it was prepared or what store it relates to. These are overbroad and have nothing to do with this case. Any documents in Mr.

Goldfarb's possession regarding other stores – in which he was also retained as a consulting-expert – are irrelevant to this case, privileged, and not discoverable.

### D. Plaintiff's Subpoena is Also Abusive and Improper Forum Shopping

Plaintiff's subpoena is also abusive and should be quashed because it is both harassing and amounts to forum shopping. Despite the case being stayed since August 2013, Plaintiff has issued this exact same subpoena against Mr. Goldfarb (and Mr. Schneider) *three* other times in Case No. 13-cv-60004 pending before Judge Scola in the Southern District. Defendant initially objected on multiple grounds and has now been forced to bring a protective order in that case as well. (Attached as Exhibit C is a true and correct copy of Defendant's Opposition to Plaintiff's Motion to Compel and Defendant's Motion seeking a protective order in Case No. 13-cv-60004.) Plaintiff has apparently realized he will not get the privileged documents in that suit and is now pushing for them here. Plaintiff's forum shopping should not work.

Additionally, as discussed above, although Plaintiff served Defendant with Requests for Production that would include the documents sought in the subpoena to Mr. Goldfarb, Plaintiff's recent motion to compel (set for hearing on January 31) does not pursue these documents from Defendant, tacitly admitting they are privileged. Thus, because (1) the same information is obtainable from another less burdensome source – Defendant, and (2) Plaintiff has had the opportunity by discovery in the action to obtain the information sought and chose not to, under Rule 26(b)(2)(C)(i)-(ii), the discovery should not be allowed and Mr. Goldfarb should not be forced to take the burden of responding to the subpoena over and over again. *See* Fed. R. Civ. Pro. 26(b)(2)(C)(i); *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)("no reason to burden nonparties when the documents sought are in possession of the party defendant.").

## III.   CONCLUSION

Plaintiff's third-party subpoena to Mr. Goldfarb, who Plaintiff knows acts as Defendant's expert-consultant, should be quashed and a protective order issued.  Plaintiff failed to provide proper notice of the subpoena and the documents sought by the subpoena are privileged.  Plaintiff's end-run and repeated issuance of the subpoena on Mr. Goldfarb is abusive of the subpoena power entrusted to attorneys.  Plaintiff's counsel should also be sanctioned for this conduct.

Dated:  January 17, 2014                                Respectfully Submitted,

s/Kelly-Ann Cartwright
Kelly-Ann G. Cartwright (FL Bar 892812)
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Tel:  305-374-8500
Fax:  305-789-7799
kelly-ann.cartwright@hklaw.com

Kent R. Christensen (CA Bar No. 253815)
CALL & JENSEN, APC
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
kchristensen@calljensen.com

*Attorneys for Defendant 7-Eleven, Inc.*

## Certificate of Service

**I hereby certify** that on **January 17, 2014,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                        s/Kelly-Ann Cartwright
                                                        Kelly-Ann G. Cartwright

### SERVICE LIST
Joe Houston v. 7-Eleven, Inc.
Case No. 13-cv-601845 EAK AEP
United States District Court, Middle District of Florida

Thomas B. Bacon, Esq.
Philip Michael Cullen, III, Esq.
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, FL 33301
Tel: (954) 462-0600
Fax: (954) 462-1717
cullen@thomasbaconlaw.com