UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE HOUSTON, etc.,

    Plaintiff,

v.                              CASE NO. 8:13-CV-1845-T-17AEP

7-ELEVEN, INC.,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 147    Motion in Limine to Limit Testimony And/Or Evidence Regarding Alleged Barriers to Those Raised in the Complaint
Dkt. 154    Response
Dkt. 148    Motion in Limine to Preclude Plaintiff From Introducing Evidence Regarding Other Lawsuits or Judgments in Other Lawsuits
Dkt. 155    Response


Dkt. 147    Motion in Limine to Limit Testimony And/Or Evidence Regarding Alleged Barriers to Those Raised in the Complaint

Defendant argues that Plaintiff has standing to seek injunctive relief as to the removal of only those architectural barriers alleged in the Amended Complaint.

Plaintiff agrees that a plaintiff has standing to sue over all barriers which the plaintiff has encountered observed, or knew about prior to the commencement of the lawsuit, but since Defendant has invoked the mootness doctrine, Defendant makes all

Case No. 8:13-CV-1845-T-17AEP

barriers at the subject stores and other stores relevant. Proving mootness requires proof that the challenged conduct cannot reasonably be anticipated to recur. Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1183-84 (11th Cir. 2004). Plaintiff argues that Defendant engages in a pattern and practice of violating the ADA in all of its stores; therefore evidence of additional violations demonstrates Defendant's widespread pattern and practice of discrimination, its intentional misconduct, and Defendant's efforts at remediation are made only for the purpose of continually evading federal jurisdiction. Defendant further argues that Defendant has created new and additional barriers in response to this lawsuit, which were not encountered by Plaintiff, but which prevent Defendant from meeting its heavy burden of clear proof that the challenged conduct cannot reasonably be anticipated to recur.

A Title III ADA plaintiff has standing to challenge those architectural barriers which the plaintiff has encountered, and those barriers about which the plaintiff has actual notice from expert reports or personal observation. Access Now v. South Florida Stadium Corp., 161 F.Supp.2d 1357, 1365 (S.D. Fla. 2001). An ADA plaintiff must have standing to bring each claim within a suit. Norkunas v. Seahorse NB, LLC, 444 Fed. Appx. 412 (11th Cir. 2011)(citing Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1002-3 (11th Cir. 2004)). The existence of standing is determined as of the date suit is filed. Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 (1992).

After consideration, the Court **grants** Defendant's Motion in Limine (Dkt. 147) in part, limiting the testimony and evidence as to each claim asserted by Plaintiff to those barriers raised in the Complaint. Where Defendant seeks to prove Plaintiff's claims as to the five 7-Eleven stores have become moot, such that the entry of an injunction is not appropriate as there is no likelihood of recurring injury, Plaintiff may respond to Defendant's proof by offering proof of a widespread pattern and practice of ADA violations, in accordance with the Federal Rules of Evidence.

Case No. 8:13-CV-1845-T-17AEP

Dkt. 148   Motion in Limine to Preclude Plaintiff From Introducing Evidence Regarding Other Lawsuits or Judgments in Other Lawsuits

Defendant moves in limine to exclude Plaintiff from raising, referencing, mentioning or introducing any evidence regarding other lawsuits or judgments in other lawsuits. Defendant argues that the evidence Plaintiff seeks to introduce should be excluded because: 1) some of the "evidence" is not evidence; 2) all of the "evidence" is irrelevant, unduly prejudicial and misleading; and 3) much of the "evidence" is impermissible hearsay. Fed. R. Ev. 401, 402, 403, 404, 802. The evidence to which Defendant refers includes allegations in pending lawsuits between Plaintiff and 7-Eleven, lawsuits between 7-Eleven and other parties, and three "judgments" in other ADA cases that arose from Plaintiff's acceptance of Rule 68 offers from 7-Eleven, which involved only "nuisance value" settlements.

Defendant denies that Defendant is a "serial violator" of the ADA. Defendant argues that Defendant trains its employees to notice potential ADA issues, report them, and get them fixed, that Defendant contracts with a national company to inspect each property twice a year, and performs voluntary upgrades at its properties in conjunction with, and independent of, store remodels, to assure accessibility.

Plaintiff responds that Plaintiff intends to submit pictures of violations at other 7-Eleven properties, and reserves the right to submit any statements or admissions made by 7-Eleven.

Plaintiff disputes Defendant's denial of serial violations, relying on the testimony of corporate representative John Falso, and arguing that in response to a lawsuit, Defendant arranges for a survey and recommendation to Defendant's litigation attorneys, and then has the property inspected for ADA compliance. Plaintiff further argues that Defendant has invoked the mootness doctrine, and therefore the presence

3

Case No. 8:13-CV-1845-T-17AEP

of violations at other stores is relevant to establish a pattern and practice of intentional discrimination.

After consideration, the Court **grants** Defendant's Motion in Limine (Dkt. 148) in part. Where Defendant seeks to prove that Plaintiff's claims as to the five properties are moot, such that the entry of an injunction is not appropriate as there is no likelihood of recurring injury, Plaintiff may respond to Defendant's proof by offering proof of a widespread pattern and practice of ADA violations, in accordance with the Federal Rules of Evidence.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 30th day of October, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record