UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE HOUSTON, etc.,

    Plaintiff,

v.                                           CASE NO. 8:13-CV-1845-T-17AEP

7-ELEVEN, INC.,

    Defendant.

_____/


ORDER

This cause is before the Court on:

Dkt. 136    Motion in Limine to Preclude Testimony From Jeff Gross
Dkt. 160    Response

Plaintiff Joe Houston moves to preclude the testimony of Jeff Gross based on: 1) spoliation of evidence; 2) the analysis of Jeff Gross does not rebut the findings of Peter Lowell under ADA provisions which obligate Defendant to make affirmative efforts to monitor and maintain, 42 U.S.C. Sec. 12181(b)(2) (A)(ii), and 28 C.F.R. Sec. 36.211(a), and provisions which require that floor spaces and paths of travel e kept "clear"; and 3) Defendant's disclosure of the expert report of Jeff Gross was not timely.

Defendant responds that: a) the spoliation doctrine does not apply to remediations in ADA actions which request injunctive relief; b) the injunctive relief requested by Plaintiff is an order to remove barriers to access; it is undisputed that all such barriers have been removed, as Peter Lowell has filed a supplemental report conceding the barriers identified originally are compliant; Defendant's upgrades are permanent; the rebuttal report of Jeff Gross does not opine as to what will occur in the future, but that does not render the report inadmissible under <u>Daubert</u> standards; and 3)

Case No. 8:13-CV-1845-T-17AEP

the rebuttal reports of Jeff Gross were timely produced to Plaintiff, and if found to be untimely, there was substantial justification and no prejudice to Plaintiff.

After consideration, the Court **denies** Plaintiff's Motion in Limine. Defendant provided rebuttal reports to Plaintiff on December 30, 2013, in response to unsigned, preliminary reports Plaintiff provided to Defendant on November 30, 2013. After the supplemental reports of Peter Lowell were provided to Defendant on January 16, 2014, Defendant provided supplemental reports of Jeff Gross on March 28, 2014 after Mr. Gross revisited the properties on March 24, 2014. The supplemental reports were not untimely, and the other issues raised by Plaintiff do not persuade the Court that Plaintiff's Motion in Limine should be granted. Accordingly, it is

**ORDERED** that Plaintiff's Motion in Limine to Preclude Testimony From Jeff Gross (Dkt. 136) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 3RD day of November, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record