UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE HOUSTON, etc.,

     Plaintiff,

v.                       CASE NO.  8:13-CV-1845-T-17AEP

7-ELEVEN, INC.,

     Defendant.

_____/


ORDER

This cause is before the Court on:

    Dkt. 137     Motion in Limine - Wade Newman
    Dkt. 163     Response

Plaintiff Joe Houston moves for an order prohibiting Defendant from calling Wade Newman, a representative of Defendant 7-Eleven, Inc., designated as "Manager - Legal and Accounting Investigations", to testify at trial based on the failure to timely disclose Wade Newman as an expert witness.  Plaintiff argues that Plaintiff has been prejudiced by Defendant's alleged late disclosure, as Plaintiff has been deprived of any means of determining the content of Wade Newman's testimony.  Plaintiff further argues the fact that  Defendant claims to have eliminated the architectural barriers to access encountered by  Plaintiff eliminates entirely the relevance of whether or not Defendant had the money to do so.

Defendant 7-Eleven, Inc. responds that Wade Newman will offer fact testimony, not expert testimony, and was not required to list Wade Newman as an expert.  Wade Newman will testify as to the ownership of the properties at issue and the financial burdens (including corporate and store finances) on Defendant in removing the alleged

Case No. 8:13-CV-1845-T-17AEP

architectural barriers.    Defendant argues that Wade Newman was identified by name
as a witness on Defendant's pre-trial disclosures, and Plaintiff has already obtained
deposition testimony from Defendant 7-Eleven on the topics about which Wade
Newman will testify.    Corporate representative Brian Padgett was deposed, but Brian
Padgett is no longer with Defendant 7-Eleven, Inc.  Defendant is not changing
Defendant's testimony on the above topics, only the representative who will testify.  Of
the thirteen topics on which Plaintiff sought deposition testimony, Brian Padgett testified
as to:

    3.  Defendant's net worth, income and assets;

    4.  Net and gross income to 7-Eleven from each of the locations involved;

    5.  Net and gross income to any franchisee from each of the locations;

    12.  Closing or discontinuance of operations at any of the stores that are
    the subject of this litigation.

John Falso and Shane Hall testified as to other topics.    Defendant argues that the
topics about which Wade Newman will testify were identified after the discovery stay
was lifted, and Plaintiff sought and was provided a corporate representative regarding
the financial issues.  There was no delay and no prejudice to Plaintiff.  Defendant is
bound by the deposition testimony of its corporate representative Padgett, which may
used to impeach Wade Newman, if his trial testimony contradicts the Padgett
deposition. Defendant      argues that Wade Newman's testimony is relevant to the
issue of whether the removal of an alleged architectural barrier is readily achievable, as
to which the Court considers: 1) the nature and costs of the action; 2) the overall
financial resources of the facility or facilities involved; 3) the number of persons
employed at such facility; 4) the effect on expenses and resources; 5) the impact of
such action upon the operation of the facility; 6) the overall financial resources of the
covered facility; 7) the overall size of the business of a covered entity; 8) the number,
type and location of its facilities; 9) the type of operation or operations of the covered

2

Case No. 8:13-CV-1845-T-17AEP

entity, including composition, structure, and functions of the workforce of such entity;
and 10) the geographic separateness, administrative or fiscal relationship of the facility
or facilities in question to the covered entity." <u>Access for the Disabled, Inc. v. First
Resort, Inc.</u>, 2012 WL 2917915 (M.D. Fla. 2012).   "Without evidence on these issues,
a defendant cannot determine if it can meet its subsequent burden of persuasion."
<u>Gathright-Dietrich v. Atlanta Landmarks, Inc.</u>, 452 F.3d 1269, 1274 (11th Cir. 2006).

In the event that Plaintiff meets his burden of production as to whether the
removal of architectural barriers is "readily achievable," Wade Newman's testimony will
relate to the factors listed above.

Since Wade Newman will not offer expert testimony, and will testify as to
previously disclosed topics and topics about which Plaintiff has obtained deposition
testimony, the Court denies Plaintiff's Motion in Limine.  Accordingly, it is

**ORDERED** that Plaintiff's Motion in Limine (Dkt. 137) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
3rd Day of November, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

3