UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE HOUSTON, etc.,

    Plaintiff,

v.                                    CASE NO. 8:13-CV-1845-T-17AEP

7-ELEVEN, INC.,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 149    Motion to Exclude Testimony and "Expert" Reports of Plaintiff's Expert Witness, Peter Lowell
Dkt. 153    Response
Dkt. 156    Notice

Defendant moves in limine to exclude any testimony and expert reports from Plaintiff's designated expert witness, Peter Lowell. Defendant argues that: 1) Peter Lowell is not qualified to provide expert testimony; 2) Peter Lowell's opinions are not based on reliable principles and methods; and 3) Peter Lowell's affidavit and reports derive from unauthorized and improper inspections of several store sites.

Federal Rule of Evidence 702 controls the determination of the admissibility of expert testimony. Pursuant to Rule 702, trial courts perform a three part inquiry to determine the admissibility of expert testimony, and "[t]he party offering the expert has the burden of satisfying each of these three elements by a preponderance of the evidence." Rink v. Cheminova, Inc., 400 F.3d 1286, 1292 (11th Cir. 2005). The Court must determine:

Case No. 8:13-CV-1845-T-17AEP

>1. Whether the expert is qualified to testify competently regarding the matters he intends to address;
>
>2. Whether the methodology by which the expert reaches his conclusions is sufficiently reliable; and
>
>3. Whether the testimony assists the trier of fact, through the applicable of scientific, technical or specialized expertise, to understand the evidence or to determine a fact in issue.

Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003).

A. Qualified

While scientific training or education may provide possible means to qualify, experience in a field may offer another path to expert status. United States v. Frazier, 387 F.3d 1244, 1260-61 (11th Cir. 2004). The qualification standard for expert testimony is "not stringent," and "so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility." Vision I Homeowner's Association, Inc. v. Aspen Specialty Ins. Co., 674 F.Supp.2d 1321, 1325 (S.D. Fla. 2009). "After the district court undertakes a review of all of the relevant issues and an expert's qualifications, the determination regarding qualification to testify rests within the district court's discretion." Clena Invs. Inc. v. XL Specialty Ins. Co., 2012 WL 266422 at *6 (S.D. Fla. Jan. 30, 2102).

Peter Lowell has a general contractor's license, has been performing ADA inspections since 2009, and has testified as an ADA expert in two trials in this district.

Given that the test of an expert's qualifications is "not stringent" and that an expert need be only "minimally qualified," the Court finds that Peter Lowell's experience qualifies him to provide opinion testimony.

2

Case No. 8:13-CV-1845-T-17AEP

B. Reliability

Defendant argues that Peter Lowell's expert testimony is not grounded on reliable principles or methods in that Peter Lowell has not considered the "readily achievable" standard, and his reports ignore the factors identified in 42 U/S.C. Sec. 12181(9). Defendant relies on the deposition testimony of Peter Lowell in another case (Dkt. 146-1, pp. 168-170), in which Peter Lowell testified that he could not recall the factors to be applied, he applied his general understanding of what is "readily achievable," and most violations are too small [in terms of cost] for the "readily achievable" standard to come into play. Defendant argues that Peter Lowell provides only a general recommendation and cost estimate, without providing substantiation. Defendant argues that, as a matter of law, Peter Lowell's method is inadequate to opine on whether Defendant has committed any alleged "violations" of the ADA.

Defendant further argues that Peter Lowell's testimony not reliable because it misapplies the ADAAG, referring to the alleged "fixed carpet" violation in the Nokomis store,
the alleged restroom garbage can violation in several stores, as the garbage can is not a built-in object, and the alleged parking strip violation at the Madeira Beach and Treasure island stores, wherein the standard does not require a specific method and color of marking.

Defendant further argues that Peter Lowell's reports derive from unauthorized inspections of several store sites, and such reports should be disregarded as abusive of the discovery rules.

Plaintiff responds that in each report, Peter Lowell identifies barriers to access, suggests a means of remediation and estimates the costs. Plaintiff argues that Plaintiff has presented sufficient evidence so that Defendant can evaluate the proposed

Case No. 8:13-CV-1845-T-17AEP

solution to the barrier, the difficulty of accomplishing it, the cost of implementation and the economic operation of the facility.   Plaintiff relies on Peter Lowell's ability as a general contractor to provide cost estimates.

Plaintiff further responds Peter Lowell's reports should not be excluded from consideration as a sanction for a violation of the discovery rules, in that Rule 34 is permissive rather than compulsory.

The Court notes that once a plaintiff satisfies the plaintiff's burden of production, the burden shifts to the defendant to rebut the plaintiff's showing and prove the suggested method is not readily achievable.   In this case, Peter Lowell personally observed the alleged violations, provided photographs, and provided a cost estimate for remediation.

C.   Will Assist the Trier of Fact

After consideration, the Court finds the presentation of Peter Lowell's testimony will assist the trier of fact.  The Court is the trier of fact, and the Court expects to evaluate the evidence as it is sought to be admitted at trial.

Identification of any inadequacy in an expert's conclusion, or flaw in his analysis, is the role of cross-examination.  After consideration, the Court concludes that any objection to the testimony of Peter Lowell goes to its weight rather than its admissibility. Accordingly, it is

**ORDERED** that Defendant's Motion to Exclude the Testimony and the Reports of Plaintiff's Expert Witness, Peter Lowell (Dkt. 149) is **denied**.

Case No. 8:13-CV-1845-T-17AEP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 3rd day of November, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record